IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-00223-01/12-CR-W-BCW |
| GERALD A. POYNTER, III, et al., | ) ) ) |
| Defendants. | ) |

ORDER CONTINUING TRIAL

On September 21, 2011, the Grand Jury returned a seventy-two count indictment against defendants Gerald A. Poynter, II, Earl Lee Davis, Nkosi Gray, Billy Ray Hall, Kimberly Johnson, Krisit L. Jones, Darryl E. Larkins, Robert E. Morris, Mark J. Murray, Jeffrey A. Olson, Karen A. Olson, Shirley J. Oyer, John V. Perdido and Jennifer S. Wilson.[1] The indictment charges all of the defendants with conspiracy to defraud the Internal Revenue Service, an agency of the United States, Department of the Treasury, by obtaining and attempting to obtain the payment and allowance of false, fictitious and fraudulent claims for refunds of withheld income tax. The defendants are charged in various remaining counts with filing false claims for tax refunds.

Scheduling conferences were held before U.S. Magistrate Judge Sarah W. Hays on November 10, 2011, during which defense counsel requested that this case be set for trial on the joint criminal jury trial docket commencing July 9, 2012.

On June 1, 2012, defendant Poynter filed a Motion for Continuance of Trial Setting. The motion requests a continuance to the joint criminal jury trial docket commencing January 7, 2013.

---

[1] Defendants Davis, Morris, Murray and Karen Olsen have change of plea hearings scheduled. Defendants Perdido and Wilson have entered guilty pleas.

The suggestions in support state this case is a complex matter, with possibly unique defenses, and case preparation will be extensive. Defense counsel had previously been provided with a significant amount of discovery in this case, in excess of 10,000 pages. On or about May 1, 2012, counsel was provided with several thousand additional pages of discovery, including approximately 225 memorandum of interviews with witnesses, including those of some defendants, voluminous search warrant documents, and CD recordings of various meetings among defendants and others. Counsel needs additional time to meet with defendant to review and analyze the extensive discovery and to discuss the charges and possible defenses, any pretrial motions, the sentencing guidelines applications, and to make a decision whether this case is for plea or trial. Counsel for the government has no objection to the requested continuance.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within seventy days from the defendant's first appearance before a judicial officer of the court in which the charge is pending. In computing the seventy-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interests of the public and the defendants in a speedy trial, provided the Court sets forth the reason for such finding. See 18 U.S.C. § 3161(h)(7)(A).

Given the issues outlined above, the Court finds that it would be unreasonable to expect defense counsel to prepare this case adequately for trial prior to January 7, 2013, and that failure to grant a continuance would deny defense counsel the reasonable time necessary for effective preparation and, thus, would deny the defendants their right to effective assistance of counsel. The

Court finds the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial.

Based on the foregoing, it is

ORDERED that the Motion of Defendant Gerald Poynter for Continuance of Trial Setting (doc #186) is granted. This case is removed from the joint criminal jury trial docket which commences July 9, 2012. It is further

ORDERED that this case is set for trial on the joint criminal jury trial docket which commences January 7, 2013. It is further

ORDERED that, pursuant to 18 U.S.C. section 3161(h), the time between the date of this Order and January 18, 2013, the last day of the January 7, 2013 Joint Criminal Jury Trial Docket, shall be excluded in computing the time within which this trial must commence.

                                               */S/Brian C. Wimes*
                                               JUDGE BRIAN C. WIMES
                                               UNITED STATES DISTRICT COURT